UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 15-162-HRW

JOHNNY SAYLOR, III, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits alleging disability beginning on due to bulging discs in his back and pain and swelling in his right knee (Tr. 201). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Theresa Merrill (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 38 years old at the time of the hearing decision. He completed the 11th grade and received his GED. His past relevant work experience consists of work as a shuttle car operator in a coal mine (Tr. 202).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, lumbar disc disease and a history of right tibial plateau fracture, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform sedentary work as

2

defined in 20 C.F.R. 404.1567 with the following exceptions:

> He cannot climb ladders, ropes or scaffolds and can perform no more than occasional stooping, kneeling, couching, crawling and climbing of ramps and stairs. He can occasionally operate foot controls with his right lower extremity and is able to push/pull frequently with his hands and feet bilaterally. He can occasionally reach t the waist and above the head bilaterally and should avoid unprotected heights, moving machinery and exposure to vibration.

(Tr. 33)

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff first contends that reversal, or, at a minimum, remand is appropriate because the Appeals Council did not consider records submitted by physical therapist Holly Johnson. The evidence that Plaintiff referenced is dated July 22, 2014 (Tr. 8-18), and the ALJ's decision was issued on May 9, 2014 (Tr. 28-41). Thus, contrary to Plaintiff's argument to the Court, the subject evidence was not only submitted subsequent to the ALJ's decision, but created after the ALJ rendered her decision. Further, the Appeals Council stated it "considered the reasons you disagree with the decision" and that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). The Order of Appeals Council referenced the physical therapist's July 22, 2014 records, specifically noting that "The Administrative Law Judge decided your case through May 9, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 9, 2014." (Tr. 2). The Appeals Council denied review and it was not obligated to articulate the basis for its denial of review (Tr. 1). Further, the Sixth Circuit "has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*,

279 F.3d 348, 357 (6th Cir. 2002). After an Appeals Council denial of review, the ALJ's decision becomes the final decision of the Commissioner that is subject to judicial review. 20 C.F.R. § 422.210(a).

Significantly, the physical therapist's records do not indicate that her opinions are relevant to any time prior to July 22, 2014 (Tr. 8-17). Indeed, the physical therapist completed a form identified as "CLIENT'S **CURRENT** PHYSICAL DEMAND LEVEL CAPABILITIES" contemporaneous with her July 22, 2014 physical examination of Plaintiff (Tr. 18)(emphasis added). As such, the relevance of the records is questionable, at best as it pertains to Plaintiff's condition after the period of adjudication.

Plaintiff next argues that the ALJ's decision is flawed because she dis not consider Plaintiff's obesity in formulating the RFC. This argument is utterly without merit. The ALJ's decision is replete with references to obesity, both in the medical evidence and in the ALJ's own assessment. For example, the ALJ found Plaintiff had the severe impairments of obesity, lumbar disc disease and a history of right tibial plateau fracture (Tr. 30; Finding No. 3). Clearly contrary to Plaintiff's argument to the Court, in her reasonable RFC finding, the ALJ incorporated the postural and environmental limitations assessed by treating physician, Robert C. Hoskins, M.D., as "they accommodate the exacerbating effects of the claimant's obesity upon his other impairments, as is required pursuant to Social Security Ruling 02-1p." (Tr. 35; Tr. 507-509, 510-512). Further, the ALJ reasonably declined to adopt the determination of state agency medical consultant, Allen Dawson, M.D., that Plaintiff retained the capacity to perform medium exertion work, by specifically noting that Dr. Dawson's assessment did not "address the exacerbating effects of the claimant's obesity upon his other impairments and therefore does not conform to

5

the directive of Social Security Ruling 02-1p." However, the ALJ did incorporate specific postural and environmental limits as opined by Dr. Dawson (Tr. 35; Tr. 104-106). 20 C.F.R. § 404.1527(e)(2)(I) (state agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.) It is abundantly clear the ALJ throughly considered all Plaintiff's impairments, including obesity, in formulating the RFC.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of March, 2017.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge